# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Younes Eloirzazi,**
**Claimant Below, Petitioner**

**v.)**    **No. 24-779** (JCN: 2017027670)
                    (ICA No. 24-ICA-110)

**AM Communications,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Younes Eloirzazi appeals the October 28, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Eloirzazi v. AM Communications*, No. 24-ICA-110, 2024 WL 4601488 (W. Va. Ct. App. Oct. 28, 2024) (memorandum decision). Respondent AM Communications filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the February 15, 2024, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the claim administrator's orders from May and August 2023. In its orders, the claim administrator denied (1) the addition C5-C6 disc disorder with radiculopathy and C5-C6 disc displacement as compensable conditions; (2) a reopening of the claim for temporary total disability benefits; (3) authorization for payment of an April 2023 emergency room visit; and (4) authorization for physical therapy.

The claimant asserts that a preponderance of the evidence established that C5-C6 disc disorder with radiculopathy and C5-C6 disc displacement should be added as compensable components of the claim. The claimant argues that he was taken off work again and was temporarily and totally disabled from being able to perform his job duties. Thus, the claimant argues that this Court should reverse the ICA and add C5-C6 disc disorder with radiculopathy and C5-6 disc displacement as compensable components of the claim, reopen the claim for temporary total disability benefits, grant authorization for the payment of an April 2023 emergency room visit, and grant authorization for physical therapy. The employer counters by arguing that the claimant failed to show that C5-C6 disc disorder with radiculopathy and C5-C6 disc displacement should be added as compensable components of the claim. Similarly, the employer argues that the claimant did not show that he was entitled to a reopening for temporary total disability benefits and did not show that payment of the April 2023 emergency room visit and authorization for physical therapy were medically necessary and reasonably related to the 2017 compensable injury.

---

[1] The claimant appears by counsel Reginald D. Henry and Lori J. Withrow, and the employer appears by counsel Steven K. Wellman and James W. Heslep.

Therefore, the employer argues that the ICA and Board of Review did not err in affirming the denial of addition of new conditions, the denial of a reopening, and the denial of the authorizations.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: July 28, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

2